IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WESTMOUNT GROUP, INC., | § | Case No. 21-30633-HCM-7 |
| | § | |
| Debtor. | § | Chapter 7 |
| --------- | - | --------- |
| BRAD W. ODELL, CHAPTER 7 TRUSTEE | § | |
| | § | |
| Plaintiff | § | |
| | § | ADVERSARY NO. 22-03004-hcm |
| v. | § | |
| | § | |
| TECHROVER, INC. and KEYVAN PARSA, | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

TO THE CLERK OF THE COURT:

NOW COMES, Brad W. Odell, Chapter 7 Trustee (the "Trustee" or "Plaintiff"), by and through his undersigned counsel, and requests that an Entry of Default be entered against Defendants, Techrover Inc. and Keyvan Parsa (collectively the "Defendants"), as authorized by Federal Rule of Civil Procedure 55(a) as incorporated by Federal Rule of Bankruptcy Procedure 7055.

### A. INTRODUCTION

1. Plaintiff is Brad W. Odell, the Chapter 7 Trustee of Westmount Group, Inc. (the "Westmount" or "Debtor"), who is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

2. Defendants are Techrover, Inc., a Texas corporation ("Techrover"), with a last known mailing address of 810 N. Kansas, El Paso, Texas 79902, and Keyvan Parsa ("Parsa"), with a last known mailing address of 810 N. Kansas, El Paso, Texas 79902.

3. On April 19, 2022, Plaintiff filed his Original Complaint to avoid certain transfers under §§ 544, 547, 548, 549, and 550 of title 11 of the United States Code (the "Bankruptcy Code"), which the Defendants received from the Debtor, and to disallow any claim that the Defendants have filed or asserted against the Debtor, or that has been scheduled for Defendants under § 502(d) of the Bankruptcy Code. A true and correct copy of Plaintiff's Original Complaint is attached hereto as Exhibit "A."

4. On April 19, 2022, the Court issued the summons in this adversary proceeding. A true and correct copy of the summons is attached hereto as Exhibit "B."

5. On April 22, 2022, Defendant Techrover, Inc. was personally served with the summons and a copy of Plaintiff's Original Complaint by serving its registered agent, Keyvan Parsa, at 810 N. Kansas, El Paso, Texas 79902. A true and correct copy of the Certificate of Service for Techrover is attached hereto as Exhibit "C." The Certificate of Service can also be found on the Court's docket in this adversary proceeding at Docket No. 3.

6. On April 22, 2022, Defendant Keyvan Parsa was personally served with the summons and a copy of Plaintiff's Original Complaint at 810 N. Kansas, El Paso, Texas 79902. A true and correct copy of the Certificate of Service for Parsa is attached hereto as Exhibit "D." The Certificate of Service can also be found on the Court's docket in this adversary proceeding at Docket No. 4.

7. As of the date of this filing, more than thirty (30) days have passed since the date of service, and the Defendants have not filed an answer, a responsive pleading, or otherwise defended the suit.

8. Therefore, Plaintiff is entitled to an Entry of Default against Defendants and requests the same.

### B. ARGUMENT

9. The Clerk of the Court may enter a default against a party who has not filed an answer, a responsive pleading, or otherwise defended the suit. FED. R. CIV. P. 55(a); FED. R. BANKR. P. 7055(a).

10. The Clerk should enter a default against Defendants because neither has filed an answer or otherwise defended the suit within thirty (30) days after the date of service. FED. R. BANKR. P. 7012(a).

11. Plaintiff meets the procedural requirements for obtaining an entry of default from the clerk as demonstrated by Brad W. Odell's sworn affidavit, attached as Exhibit "E." The summons was issued on April 19, 2022. The Defendants were each served on April 22, 2022. The Defendants' deadline to file an answer or other responsive pleading to Plaintiff's Original Complaint was May 19, 2022, which is thirty (30) days from the issuance of the summons.

12. As of the date of filing of this Request for Entry of Default, neither Defendant has filed an answer, a responsive pleading, or otherwise defended the suit.

13. Defendant Keyvan Parsa is not an infant, incompetent person, or in military service. 50 U.S.C. § 3931(b)(1). The sworn affidavit of Brad W. Odell establishes facts regarding Keyvan Parsa's military service.

14. Because Defendants have not filed an answer, a responsive pleading, or otherwise defended the suit, they are not entitled to notice of entry of default. See *Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 512 (9th Cir. 1986); *See* FED. R. CIV. P. 55(a).

### C. CONCLUSION

15. Defendants Keyvan Parsa and Techrover, Inc. were properly served with the summons and a copy of Plaintiff's Original Complaint. Defendants' deadline to answer Plaintiff's

Original Complaint or otherwise respond to same has run. Defendants have failed to file an answer, any responsive pleading, or otherwise defend the case. For these reasons, Plaintiff asks the Clerk to enter a default against Defendants, Keyvan Parsa and Techrover, Inc, in favor of Plaintiff, Brad W. Odell, Chapter 7 Trustee.

Respectfully Submitted,

By: /s/ Brad W. Odell
     Brad W. Odell

Mullin Hoard & Brown, LLP
David R. Langston, SBN: 11923800
Brad W. Odell, SBN: 24065839
P.O. Box 2585
Lubbock, TX 79408
Tel: 806-765-7491
Fax: 806-765-0553
dlangston@mhba.com
bodell@mhba.com
***Attorneys for Brad W. Odell, Chapter 7 Trustee***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the preceding Request for Entry of Default was mailed by regular first-class mail, postage prepaid, on this the 26th day of May 2022, to the following listed parties in interest:

1. Keyvan Parsa
   810 N. Kansas
   El Paso, Texas 79902

2. Techrover, Inc.
   Attn: Keyvan Parsa, Registered Agent
   810 N. Kansas
   El Paso, Texas 79902

/s/ Brad W. Odell
Brad W. Odell