IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WESTMOUNT GROUP, INC., | § | Case No. 21-30633-HCM-7 |
| | § | |
| Debtor. | § | Chapter 7 |
| ---------------------------------------- | - | ------------------------------------- |
| BRAD W. ODELL, CHAPTER 7 TRUSTEE | § | |
| | § | |
| Plaintiff | § | |
| | § | ADVERSARY NO. 22-03004-hcm |
| v. | § | |
| | § | |
| TECHROVER, INC. and KEYVAN PARSA, | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

NOW COMES, Brad W. Odell, Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**"), by and through his undersigned counsel, and files his Motion for Default Judgment against Defendants, Techrover, Inc. ("**Techrover**") and Keyvan Parsa ("**Parsa**") (collectively the "Defendants"), as authorized by Federal Rule of Bankruptcy Procedure 7055, and in support would respectfully show the Court as follows:

### A. JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(b) and § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H), and (O).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. BACKGROUND AND FACTS

3. Plaintiff is the Trustee, who is the duly appointed chapter 7 trustee of Westmount Group, Inc. ("**Westmount**" or the "**Debtor**").

4. Defendants are Techrover Inc., a Texas corporation, with a last known business address of 71 Camille Drive, El Paso, TX 79912, and Keyvan Parsa, an individual residing in the state of Texas, with a last known mailing address of 810 N. Kansas, El Paso, Texas 79902.

5. On April 19, 2022, Plaintiff filed its Original Complaint (the "Complaint") in the above referenced adversarial proceeding, against the Defendants to avoid certain transfers under §§ 544, 547, 548, 549, and 550 of Title 11 of the United States Code (the "Bankruptcy Code"), which the Defendants received from the Debtor, and to disallow any claim that the Defendants have filed or asserted against the Debtor, or that has been scheduled for Defendants under § 502(d) of the Bankruptcy Code. A true and correct copy of Plaintiff's Original Complaint is attached hereto as Exhibit "A." Plaintiff's Original Complaint can also be found on the Court's docket in this adversary proceeding at Docket No. 1.

6. On April 19, 2022, the Court issued the summons in this adversary proceeding. A true and correct copy of the summons is attached hereto as Exhibit "B." The summons can also be found on the court's docket in this adversary proceeding at Docket No. 2.

7. On April 22, 2022, a copy of Plaintiff's Complaint with citation was served on Techrover through its registered agent, Keyvan Parsa, at 810 N. Kansas, El, Paso, Texas 79902. A true and correct copy of the Certificate of Service for Techrover is attached hereto as Exhibit "C." The Certificate of Service can also be found on the Court's docket in this adversary proceeding at Docket No. 3.

8. On April 22, 2022, a copy of Plaintiff's Complaint with citation was personally served on Parsa at 810 N. Kansas, El Paso, Texas 79902. A true and correct copy of the Certificate of Service for Parsa is attached hereto as Exhibit "D." The Certificate of Service can also be found on the Court's docket in this adversary proceeding at Docket No. 4.

9. The deadline for Defendants to file an answer, a responsive pleading, or otherwise defend the suit, as set forth in the summons, was May 19, 2022.

10. On May 26, 2022, Plaintiff filed his Request for Entry of Default against the Defendants because neither Defendant filed an answer, a responsive pleading, or otherwise defended the suit before the deadline on May 19, 2022. A true and correct copy of Plaintiff's Request for Entry of Default is attached hereto as Exhibit "E." The Request for Entry of Default can also be found on the Court's docket in this adversary proceeding at Docket No. 5.

11. On June 24, 2022, the Court ordered Plaintiff to seek an Entry of Default from the Clerk, which, as set forth in paragraph 10, Plaintiff had already filed a request for entry of default against Defendants. The Court likewise ordered the Plaintiff to seek a default judgment against the Defendants after the Entry of Default had been entered by the Clerk. A true and correct copy of the Order to Seek Default is attached hereto as Exhibit "F." The Order to Seek Default can also be found on the Court's docket in this adversary proceeding at Docket No. 9.

12. On June 24, 2022, the Clerk's Entry of Default was entered against both Defendants as authorized by Bankruptcy Rule 7055. A copy of the Clerk's Entry of Default is attached hereto as Exhibit "G." The Clerk's Entry of Default can also be found on the Court's docket in this adversary proceeding at Docket No. 10.

13. Plaintiff, pursuant to the Court's Order, respectfully requests the Court to enter a default judgment against the Defendants.

## C. ARGUMENT

14. The Court may render a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit. *See* FED. R. CIV. P. 55(a), (b)(1); FED. R. BANKR. P. 7055.

15. The Court should enter a default judgment against the Defendants because the Bankruptcy Clerk issued a summons to the Defendants on April 19, 2022, which was duly served with Plaintiff's Complaint, to each Defendant on April 22, 2022, and each Defendant has failed to file a responsive pleading, which is evident by the Clerk's Entry of Default against Defendants Techrover, Inc., and Keyvan Parsa.

16. Plaintiff meets the procedural requirements for obtaining a default judgment from the Court as demonstrated by the Trustee's sworn affidavit. A true and correct copy is attached as Exhibit "H" and incorporated herein for all purposes. Further, the Trustee's affidavit establishes Defendant Parsa is not a minor, incompetent person, a member of the military, the U.S. government, or a federal officer or agency. See 50 U.S.C. §3931(b)(1); FED R. CIV. P. 55(b)(1),(d).

17. Because the Defendants did not file an answer or otherwise defend the suit, Defendants are not entitled to notice of entry of default judgment. *See* FED. R. CIV. P. 55(b)(1); *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.,* 375 F. 3d 922, 927-28, (9th Cir. 2004). However, Plaintiff intends to send a copy of this Motion to each of the Defendants to provide them with notice of Plaintiff's intent to obtain a Default Judgment against each of them. Service will be made to the same address at which the summons was sent to the Defendants.

18. The last known business address for Defendant Techrover is 71 Camille Drive, El Paso, TX 79912; however, Defendant Techrover may also be served by serving its registered agent Keyvan Parsa at 810 N. Kansas, El Paso, Texas 79902. A true and correct copy of the Certificate of Last Known Address is attached hereto as Exhibit "I."

19. The last known address for Defendant Parsa is 810 N. Kansas, El Paso, Texas 79902. A true and correct copy of the Certificate of Last Known Address is attached hereto as Exhibit "I."

### D. LIABILITY AND DAMAGES

20. Defendants' failure to answer the Complaint or defend against the Complaint, and the Clerk's Entry of Default establishes Defendants' liability for the claims the Trustee made in the Complaint.

21. Plaintiff sued Defendants for transfers made by the Debtor prior to or after the filing of its bankruptcy case. Defendant Techrover received a transfer of $450,000. Defendant Parsa received a transfer of $190,444.65.

22. Evidence of these transfers are set forth on Debtor's Statement of Financial Affairs filed in the Debtor's main bankruptcy case at Docket No. 94. On page 2, lines 4.1 and 4.2 Debtor discloses that it paid to Techrover $450,000.00 on June 8, 2021, and to Parsa $190,444.65 on August 23, 2021. A true and correct copy of Debtor's Statement of Financial Affairs ("**SOFAs**") is attached to this Motion as Exhibit "J."

23. The SOFAs was signed by Parsa under penalty of perjury.

24. Additionally, Parsa testified at the Debtor's meeting of creditors that he transferred to himself the amount set forth on the SOFAs as payment for legal expenses he covered related to the Debtor and other business entities.

25. Trustee asserts, based on the sworn SOFAs, that the claims set forth in the Complaint are for a sum certain or can be reliably computed. *See* FED. R. CIV. P. 55(b)(1). Trustee therefore asserts that the damages against both Defendants are liquidated and that a hearing is not necessary for the Court to establish damages. Plaintiff seeks a default judgment against Defendant Techrover in the amount of $450,000. Plaintiff seeks a default judgment against Defendant Parsa in the amount of $190,444.65.

26. Further, Plaintiff seeks a default judgment against the Defendants that Defendants

are not entitled to any claims in the bankruptcy case of Debtor unless Defendants pay the amounts set forth herein and properly file a claim in the Debtor's bankruptcy case.

27. To the extent, the Court believes damages are not liquidated, the Trustee requests a hearing on the Motion to establish the damages set forth in the Complaint.

### E. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays the Court enter a default judgment against Defendants, Techrover, Inc. and Keyvan Parsa, award the Plaintiff damages against Defendant Techrover, Inc. in the amount of $450,000.00 and against Defendant Keyvan Parsa in the amount of $190,444.65, disallow any claim the Defendants have filed or may file against the bankruptcy estate of Westmount Group, Inc. until such sum certain is paid in full, award Plaintiff his costs for bringing this suit, and grant Plaintiff post-judgment interest on the default judgment as allowed by law.

Respectfully Submitted,

By: /s/ Brad W. Odell
Brad W. Odell

MULLIN HOARD & BROWN, LLP
David R. Langston, SBN: 11923800
Brad W. Odell, SBN: 24065839
P.O. Box 2585
Lubbock, TX 79408
Tel: 806-765-7491
Fax: 806-765-0553
dlangston@mhba.com
bodell@mhba.com
***Attorneys for Brad W. Odell, Chapter 7 Trustee***

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of Plaintiff's Motion for Default Judgment was mailed by regular first-class mail, postage prepaid, on this the 1st day of July, 2022, to the following listed parties in interest:

1. Keyvan Parsa
   810 N. Kansas
   El Paso, Texas 79902

2. Techrover, Inc.
   Attn: Keyvan Parsa, Registered Agent
   810 N. Kansas
   El Paso, Texas 79902

3. Techrover, Inc.
   71 Camille Drive
   El Paso, Texas 79912

                                                  /s/ Brad W. Odell
                                                  Brad W. Odell