IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WESTMOUNT GROUP, INC., | § § | Case No. 21-30633-HCM-7 |
| Debtor. | § § | Chapter 7 |
| BRAD W. ODELL, CHAPTER 7 TRUSTEE | § § | |
| Plaintiff | § § | ADVERSARY NO. 22-_____ |
| v. | § § | |
| TECHROVER, INC. and KEYVAN PARSA, | § § | |
| Defendants | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. Bankruptcy Judge:

NOW COMES, Brad W. Odell, Chapter 7 Trustee of Westmount Group, Inc. (the "Trustee" or "Plaintiff"), by and through his undersigned counsel, and files this complaint (the "Complaint") to avoid and recover transfers made by Westmount Group, Inc. (the "Westmont" or "Debtor") to Techrover, Inc. and Dr. Keyvan Parsa (collectively, the "Defendants") and to disallow any claims held by Defendants against the Debtor. In support thereof, Plaintiff would respectfully show unto the court the following.

## NATURE OF THE CASE

1. Plaintiff seeks to avoid from Defendants, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the one (1) year period prior to the commencement of the bankruptcy case of the Debtor pursuant to §§ 547 and 550 of Chapter 11 of Title 11 of the United States Code (the "Code"). To the extent

Plaintiff's Original Complaint
Page 1

EXHIBIT A

that the subject transfers also constitute fraudulent transfers and/or postpetition transfers, avoidance is sought also under Code §§ 544, 548, 549, and/or 550 as applicable.

2. In addition, Plaintiff seeks to disallow, pursuant to Code § 502(d), any claim that Defendants have filed or asserted against the Debtors or that has been scheduled for Defendants. Plaintiff does not waive but hereby reserves all of his rights and the rights of the Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in Code §§ 502(a) through (j).

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. The Court may hear and determine this adversary proceeding because this adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H), and (O).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

6. On October 29, 2021, Brad W. Odell was appointed to serve as the Chapter 7 Trustee in the Debtor's bankruptcy case (the "Case"). The Trustee is authorized and has standing, among other things, to prosecute, settle, dismiss, abandon, or otherwise dispose of assets of the bankruptcy estate of the Debtor (the "Bankruptcy Estate"), including this avoidance action. The Trustee may be served with pleadings filed in this matter by serving his counsel of record filing this complaint.

7. Defendant, Techrover, Inc., is a Texas corporation, which may be served through its registered agent, Keyvan Parsa at 810 N. Kansas, El Paso, Texas 79902, or wherever he may

be found.

8. Defendant, Keyvan Parsa, is an individual residing in El Paso, El Paso County, Texas. Defendant may be served either in person or by first class mail, postage prepaid at: 810 N. Kansas, El Paso, Texas 79902, or wherever he may be found.

## **BACKGROUND**

9. The Debtor has been involved in multiple transfers during the two (2) year period prior to the filing of the Case. The transfers stem from a scheme by the Debtor, its principal Keyvan Parsa, and other related entities to hinder, delay, or defraud possible creditors of Montoya Park Place, Inc. ("Montoya") and the Debtor.

10. On information and belief, Montoya owned real property located in El Paso, Texas. The real property was sold and approximately $1,700,000 was delivered as net proceeds to Montoya.

11. On information and belief, Montoya disbursed approximately $280,000 of the sales proceeds to Albert Flores. This left Montoya with approximately $1,400,000 in remaining sales proceeds.

12. On information and belief, sometime after the closing of the sale of the real property by Montoya, the title company, Weststar Title Company ("Weststar") realized it missed a lien against the real property sold in the amount of $700,000. On information and belief, the sales proceeds were already in the possession of Montoya.

13. On or about July 15, 2020, Montoya, through its president, Keyvan Parsa, lent Debtor the principal amount of $1,461,586.89, which, on information and belief, is the remaining sales proceeds Montoya had in its possession. Debtor, through its president, Keyvan Parsa, executed a Promissory Note and Security Agreement.

14. Based on the Debtor's bank statements, on July 17, 2020, the Debtor made two deposits into its checking account ending in 2218 at Wells Fargo Bank, N.A. in the aggregate amount of $1,461,588.89. On July 27, 2020, Debtor transferred $1,461,588.00 to an account ending in 7582.

15. The Trustee is not aware of who owns the checking account ending in 7582.

16. On information and belief, Debtor established two brokerage accounts with Wells Fargo Clearing Services, LLC on July 20, 2020. Trustee believes some or all of the $1,461,588.00 was placed into the brokerage accounts. Based on documents in the Trustee's possession, the Trustee is aware that as of January 13, 2021 there was at least $1,038,000 in the two brokerage accounts.

17. In 2020, Albert Flores commenced a lawsuit in the 327th Judicial District Court of El Paso County, Texas, pending under Case NO. 2020DCV2997, against Keyvan Parsa and Montoya Park Place, Inc. (the "State Court Litigation")

18. Weststar intervened in State Court Litigation.

19. During the State Court Litigation, Montoya and Keyvan Parsa were ordered by the 327th Judicial District Court to deposit the funds held in the two brokerage accounts into the registry of the court. Westmount, as the holder of those funds, sought to have the 327th Judicial District Court reconsider the order requiring the brokerage funds to be deposited into the registry of the court. Westmount's request was denied.

20. Around the time that the 327th Judicial District Court ordered the brokerage funds to be placed into the registry of the court and Westmount's motion for reconsideration was denied, Westmount entered into seven lending transactions with TRR 4133, Inc., 538 East, Inc., 71 Camille, Inc., and Westmount Assets, Inc.

21. TRR 4133, Inc., 538 East, Inc., and 71 Camille, Inc. are owned by Douglas Rutter, his wife, or both. Douglas Rutter is the accountant for Keyvan Parsa and Westmount. On information and belief, Douglas Rutter may also serve as the accountant for other business entities owned by Keyvan Parsa.

22. Westmount Assets, Inc. is owned by Keyvan Parsa.

23. In particular, TRR 4133, Inc. executed two promissory notes in favor of Westmount in the principal amounts of $93,895.83 and $74,159.26. Each promissory note appears to have been executed on July 16, 2021. Each promissory note is secured by a deed of trust lien covering real property located at 4537 Skylark Way, El Paso, Texas and 9532 Charleston, El Paso, Texas, respectively.

24. 538 East, Inc. executed one promissory note in favor of Westmount in the principal amount of $76,500.26. The promissory note appears to have been executed on July 16, 2021. The promissory note is secured by a deed of trust lien covering real property located at 538 East Road, El Paso, Texas.

25. Westmount Assets, Inc. executed three promissory notes in favor of Westmount in the principal amounts of $35,000.00, $35,000.00, and $50,000.00. Each promissory note appears to have been executed on July 19, 2021. Each promissory note is secured by a deed of trust lien covering real property located at 4325 Leeds, El Paso, Texas, 3320 Montana Avenue, El Paso, Texas, and 4500 Frankfort, El Paso, Texas, respectively.

26. Even though the promissory notes described in paragraphs 23, 24, and 25 were all executed on or around July 16 and 19, 2021, the loans did not fund at this time.

27. 71 Camille, Inc. executed one promissory note in favor of Westmount in the principal amount of $430,000.00. The promissory note appears to have been executed on August

23, 2021. The promissory note is secured by a deed of trust lien covering real property located at 71 Camille Drive, El Paso, Texas.

28. Based on records in the possession of the Trustee as well as the testimony of Keyvan Parsa at the meeting of the creditors, the funding of these loans did not occur until August 23, 2021.

29. The title company for all of the described transactions was Sierra Title Company, Inc. (the "Title Company") in El Paso, Texas.

30. On information and belief, the total amount of the loan proceeds disbursed by the Debtor through the Title Company was $794,555.35.

31. According to the Settlement Statements for the loans to Westmount Assets, Inc., the loan proceeds went to Techrover, Inc. Techrover, Inc. is owned by Keyvan Parsa.

32. On August 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. The Debtor elected to proceed under Subchapter V of chapter 11.

33. On August 28, 2021, the Office of the United States Trustee for Region 7 appointed Brad W. Odell as the Subchapter V Trustee.

34. On September 17, 2021, the Debtor filed its Schedules and Statement of Financial Affairs. According to the Debtor's schedules, the total amount of the notes receivable owned by the Debtor was $816,306.18. Additionally, according to the Statement of Financial Affairs, the Debtor transferred to Techrover, Inc. on July 15, 2021 funds in the amount of $450,000.00.

35. On October 20, 2021, the Debtor filed amended Schedules and Statement of Financial Affairs. On the amended Schedules, the Debtor listed a total amount of notes receivable owned by the Debtor of $794,555.35. The Debtor's amended Statement of Financial Affairs again

disclosed that the Debtor transferred to Techrover, Inc. $450,000.00 on July 15, 2021.

36. Both the original and amended Schedules and Statement of Financial Affairs were signed by Keyvan Parsa under penalty of perjury.

37. On October 26, 2021, the Court conducted a hearing on the First Amended Motion to Dismiss Case filed by Albert Flores. After considering the evidence and argument presented at the hearing, the Court granted in part the First Amended Motion to Dismiss Case and ordered that the Debtor's bankruptcy case be converted from Chapter 11, Subchapter V to Chapter 7. The Court entered its Order Converting Case to Chapter 7 on October 27, 2021. [Dkt. No. 52].

38. On October 29, 2021, the Office of the United States Trustee for Region 7 appointed Brad W. Odell as the interim chapter 7 trustee in the Debtor's converted Chapter 7 bankruptcy case.

39. On November 30, 2021, the Trustee conducted the creditors' meeting of the Debtor. The Trustee, upon concluding the creditors' meeting, became the trustee in this case and no longer just an interim trustee.

40. During the creditors' meeting, Keyvan Parsa testified on behalf of the Debtor as its president and corporate representative. Keyvan Parsa testified that on August 23, 2021, he caused the Debtor to pay back to him approximately $190,000 related to expenses Mr. Parsa covered for his various other companies and himself on legal fees.

41. On December 1, 2021, the Debtor filed its conversion Schedules and Statement of Financial Affairs. [Dkt. No. 94]. Debtor scheduled its notes receivable at $794,555.35. Debtor likewise disclosed in its conversion Statement of Financial Affairs that the Debtor transferred to Techrover, Inc. $450,000.00 on July 15, 2021. Additionally, Debtor disclosed that on August 23, 2021, the Debtor transferred $190,444.65 to Keyvan Parsa, president of the Debtor. On

information and belief, this transfer to Keyvan Parsa may have occurred after the Petition Date and constitute a post-petition transaction. The Court has not approved the transfer from the Debtor to Keyvan Parsa of the $190,444.65.

42. The Debtor's conversion Schedules and Statement of Financial Affairs were signed by Keyvan Parsa under penalty of perjury.

43. Throughout 2021, but especially during July and August of 2021, Keyvan Parsa and Montoya were in litigation regarding the sales proceeds received from the sale of the real property owned by Montoya.

44. To move the sales proceeds out of the reach of the litigation creditors of Montoya, Keyvan Parsa as president of both Montoya and Westmount executed a promissory note between Montoya and Westmount for the amount of $1,461,586.09.

45. As pressure mounted in the lawsuit by Flores and Weststar, Keyvan Parsa, as president of the Debtor, continued to move funds out of the Debtor and into other entities he owned. For example, and according to the Debtor's Statement of Financial Affairs, the Debtor transferred $450,000.00 to Techrover, Inc. for repayment of an alleged loan. Techrover, Inc. is owned by Keyvan Parsa.

46. Further, after the 327th Judicial District Court issued its order requiring Westmount to place the funds in the brokerage account into the registry of the Court, the Debtor, acting through its president Keyvan Parsa, entered into seven loan transactions with entities either owned and controlled by himself or owned and controlled by his accountant Douglas Rutter. These transactions amounted to the Debtor disbursing approximately $800,000.00 on August 23, 2021.

47. Finally, to assure that the Debtor did not have any cash on hand at the time the Debtor filed for bankruptcy, the Debtor, acting through its president Keyvan Parsa, transferred

$190,444.65 to Keyvan Parsa as repayment of legal fees and expenses Keyvan Parsa was allegedly owed by his other entities.

48. The Debtor has not received any value from the transfer of the $450,000.00 to Techrover, Inc. The Debtor has not received any value from the transfer of the $190,444.65 to Keyvan Parsa.

49. The series of transactions and transfers described herein left the Debtor with minimal funds on hand and without sufficient capital to repay its creditors or to continue to operate.

50. Further, the series of transactions and transfers described herein were for the purpose of hindering, delaying, or defrauding creditors of Montoya and the Debtor from recovering on claims they may have and to make sure any money was out of the hands of Montoya and the Debtor.

## CAUSES OF ACTION

### Count One (Preference) Code § 547 – Techrover, Inc.

51. Plaintiff incorporates paragraphs 9 through 50 by reference as if fully set forth herein verbatim.

52. During the year prior to the Petition Date, the Debtor transferred to Techrover, Inc. $450,000.00 (the "Techrover Transfer"), according to the Debtor's Statement of Financial Affairs. Techrover, Inc. is owned by Keyvan Parsa. The Debtor is likewise owned by Keyvan Parsa. Techrover, Inc. is an insider of the Debtor

53. Upon information and belief, the Techrover Transfer was paid from one or more of the Debtor's bank accounts and constituted an interest in property of the Debtor.

54. Debtor's Statement of Financial Affairs states that the Techrover Transfer was for the repayment of a loan; therefore, Techrover was a creditor of the Debtor at the time the Techrover

Transfer was made.

55. Upon information and belief, the Techrover Transfer was to or for the benefit of a creditor within the meaning of Code § 547(b)(1) because the Techrover Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to Techrover. Further, upon information and belief, the Techrover Transfer was made on account of an antecedent debt.

56. The Techrover Transfer was made while the Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for any transfer made during the ninety (90) days prior to the Petition Date, pursuant to Code § 547(f). Nonetheless, the Debtor owed Montoya on the promissory note. Debtor's liabilities were greater than its assets, and the Debtor was insolvent.

57. As a result of the Techrover Transfer, Techrover received more than it would have received if: (i) the Debtor's case were under Chapter 7 of the Bankruptcy Code; (ii) the Techrover Transfer had not been made; and (iii) Techrover received payments of its debts under the provisions of the Bankruptcy Code.

58. Pursuant to Code §§ 547 and 550, Plaintiff is entitled to judgment: (a) avoiding the Techrover Transfer; (b) directing that the Techrover Transfer be set aside; and (c) recovering the preferential transfer from Techrover for the benefit of the Bankruptcy Estate and its beneficiaries.

### Count Two (Preference) Code § 547 – Keyvan Parsa

59. Plaintiff incorporates paragraphs 9 through 50 by reference as if fully set forth herein verbatim.

60. During the year prior to the Petition Date, the Debtor transferred to Keyvan Parsa $190,444.65 (the "Parsa Transfer"), according to the Debtor's Statement of Financial Affairs. Keyvan Parsa is an owner of the Debtor. Thus, Keyvan Parsa is an insider of the Debtor.

61. Upon information and belief, the Parsa Transfer was paid from one or more of the Debtor's bank accounts and constituted an interest in property of the Debtor.

62. Keyvan Parsa testified at the Debtor's creditors' meeting that the Parsa Transfer was for the repayment of amounts Parsa paid in legal fees on behalf of the Debtor and his other related entities; therefore, Parsa was a creditor of the Debtor at the time the Parsa Transfer was made.

63. Upon information and belief, the Parsa Transfer was to or for the benefit of a creditor within the meaning of Code § 547(b)(1) because the Parsa Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to Parsa. Further, upon information and belief, the Parsa Transfer was made on account of an antecedent debt.

64. The Parsa Transfer was made while the Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for any transfer made during the ninety (90) days prior to the Petition Date, pursuant to Code § 547(f). Nonetheless, the Debtor owed Montoya on the promissory note. Debtor's liabilities were greater than its assets, and the Debtor was insolvent.

65. As a result of the Parsa Transfer, Keyvan Parsa received more than he would have received if: (i) the Debtor's case were under Chapter 7 of the Bankruptcy Code; (ii) the Parsa Transfer had not been made; and (iii) Keyvan Parsa received payments of his debts under the provisions of the Bankruptcy Code.

66. Pursuant to Code §§ 547 and 550, Plaintiff is entitled to judgment: (a) avoiding the Parsa Transfer; (b) directing that the Parsa Transfer be set aside; and (c) recovering the preferential transfer from Keyvan Parsa for the benefit of the Bankruptcy Estate and its beneficiaries.

### Count Two (Post-Petition Transfer) Code § 549 – Keyvan Parsa

67. Plaintiff incorporates paragraphs 9 through 50 by reference as if fully set forth herein verbatim.

68. According to the testimony of Keyvan Parsa at the Debtor's creditors' meeting, Keyvan Parsa testified that the Debtor transferred to him on August 23, 2021, $190,444.65.

69. The Debtor filed for bankruptcy on August 23, 2021.

70. The Parsa Transfer may have occurred post-petition.

71. The Parsa Transfer was of property of the Debtor and its Bankruptcy Estate.

72. The Court did not approve the Parsa Transfer. The Parsa Transfer is also not authorized by the Bankruptcy Code.

73. A transfer made by the debtor after the commencement of a bankruptcy case, which is not authorized by the Bankruptcy Code or the court, is avoidable as a post-petition transfer. *See* 11 U.S.C. § 549.

74. Pursuant to Code §§ 549 and 550, Plaintiff is entitled to judgment: (a) avoiding the Parsa Transfer; (b) directing that the Parsa Transfer be set aside; and (c) recovering the post-petition transfer from Keyvan Parsa for the benefit of the Bankruptcy Estate and its beneficiaries.

### Count Four (Actual Fraudulent Transfer) Code §§ 544 & 550 and Tex. Bus. Comm. Code 24.005(a)(1)

75. Plaintiff incorporates paragraphs 9 through 50 by reference as if fully set forth herein verbatim.

76. Additionally and/or alternatively, the Debtor made the Techrover Transfer and the Parsa Transfer (collectively, the "Transfers") with actual intent to hinder, delay, or defraud creditors of the Debtor.

77. Defendants were the recipients of the Transfers.

78. Pursuant to Bankruptcy Code §§ 544 and 550, and the Texas Uniform Fraudulent Transfer Act, Plaintiff is entitled to judgment: (a) avoiding the Transfers made by the Debtor to the Defendants; (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from Defendants for the benefit of the Bankruptcy Estate and its beneficiaries.

### Count Five (Actual Fraudulent Transfer)
### Code §§ 548 & 550

79. Plaintiff incorporates paragraphs 9 through 50 by reference as if fully set forth herein verbatim.

80. Additionally and/or alternatively, Debtor made the Transfers with actual intent to hinder, delay, or defraud creditors of the Debtor.

81. Defendants were the recipients of the Transfers.

82. Pursuant to Bankruptcy Code §§ 548 and 550, Plaintiff is entitled to judgment: (a) avoiding the Transfers made by the Debtor to the Defendants; (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from Defendant for the benefit of the Bankruptcy Estate and its beneficiaries.

### Count Six (Constructive Fraudulent Transfer)
### Code §§ 544 & 550 and Tex. Bus. Comm. Code 24.005(a)(2)

83. Plaintiff incorporates paragraphs 9 through 50 by reference as if fully set forth herein verbatim.

84. Additionally and/or alternatively, the Transfers involved property of the Debtor.

85. At the time of the Transfers, the Debtor was either insolvent, or as a result of the Transfers, the Debtor became insolvent. Further, at the time of the Transfers, the Debtor was engaged in a business or a transaction, for which the property remaining with the Debtor was unreasonably small capital. Further, at the time of the Transfers, the Debtor intended to incur, or

believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

86. The Debtor received less than reasonably equivalent value in exchange for the Transfers.

87. Pursuant to Bankruptcy Code §§ 544 and 550, and the Texas Uniform Fraudulent Transfer Act, Plaintiff is entitled to judgment: (a) avoiding the Transfers made by the Debtor to the Defendants; (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from Defendants for the benefit of the Bankruptcy Estate and its beneficiaries.

### Count Seven (Constructive Fraudulent Transfer)
### Code §§ 548 & 550

88. Plaintiff incorporates paragraphs 9 through 50 by reference as if fully set forth herein verbatim.

89. Additionally and/or alternatively, the Transfers involved property of the Debtor.

90. At the time of the Transfers, the Debtor was either insolvent, or as a result of the Transfers, the Debtor became insolvent. Further, at the time of the Transfers, the Debtor was engaged in a business or a transaction, for which the property remaining with the Debtor was unreasonably small capital. Further, at the time of the Transfers, the Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as they matured.

91. The Debtor received less than reasonably equivalent value in exchange for the Transfers.

92. Pursuant to Code §§ 548 and 550, Plaintiff is entitled to judgment: (a) avoiding the Transfers made by the Debtor to the Defendants; (b) directing that the Transfers be set aside; and

(c) recovering the Transfers, or the value thereof, from Defendants for the benefit of the Bankruptcy Estate and its beneficiaries.

### Count Eight (Disallowance of Claim) Code § 502(d)

93. Plaintiff incorporates paragraphs 9 through 92 by reference as if fully set forth herein verbatim.

94. Defendants are transferees of transfers avoidable under Bankruptcy Code §§ 544, 547, 548, and 549, and which property is recoverable under Bankruptcy Code § 550. Defendants have not paid the amount of the avoidable Transfers, or turned over such property, for which Defendants are liable under Code § 550.

95. Pursuant to Code § 502(d), any and all claims of the Defendants and/or their assignees, against the Debtor's Chapter 7 estate or Plaintiff, must be disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of the avoidable Transfers.

### RESERVATION OF RIGHTS

96. Trustee reserves the right to amend and/or supplement this Complaint.

97. Further investigation may reveal additional transfers, and such additional Transfers may be subject to one or more of the Causes of Action set forth above.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that citations be issued and process be served on Defendants, Techrover, Inc. and Keyvan Parsa, and that, upon final hearing, Plaintiff have and recover judgment from and against the Defendant(s), (i) in an amount to be determined at trial, for reasonable and necessary attorney's fees incurred by Plaintiff in prosecuting this action, for costs and expenses of suit herein, for interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together, (ii)

disallowing any claims held by Defendants against the Debtor's estate, and (iii) for such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

By: /s/ Brad W. Odell
Brad W. Odell

Mullin Hoard & Brown, LLP
David R. Langston, SBN: 11923800
Brad W. Odell, SBN: 24065839
P.O. Box 2585
Lubbock, TX 79408
Tel: 806-765-7491
Fax: 806-765-0553
dlangston@mhba.com
bodell@mhba.com
***Attorneys for Brad W. Odell, Chapter 7 Trustee***

FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Brad W. Odell, Chapter 7 Trustee | DEFENDANTS<br>Techrover, Inc. and Keyvan Parsa |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Mullin Hoard & Brown, L.L.P., P.O. Box 2585,<br>Lubbock, Tx. 79408, 806-765-7491 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Preference pursuant to 11 U.S.C § 547); Post Petition Transfer pursuant to § 549; Actual and Constructive Fraudulent Transfer pursuant to § 544, 548 & 550 and Tex. Bus. Comm. Code 24.005(a)(1) ; Dissalowance of Claim § 502

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
[2] 13-Recovery of money/property - §548 fraudulent transfer
[3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 640,444.00 |

Other Relief Sought

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>Westmount Group, Inc. | BANKRUPTCY CASE NO.<br>21-30633 |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Texas | DIVISIONAL OFFICE<br>El Paso | NAME OF JUDGE<br>Mott |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)
*[signature]*

DATE: 4/19/2022

PRINT NAME OF ATTORNEY (OR PLAINTIFF)
Brad W. Odell

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.