IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WESTMOUNT GROUP, INC., | § | Case No. 21-30633-HCM-7 |
| | § | |
| Debtor. | § | Chapter 7 |
| --- | | --- |
| BRAD W. ODELL, CHAPTER 7 TRUSTEE, | § § | |
| Plaintiff, | § § | |
| | § | ADVERSARY NO. 22-03004-hcm |
| v. | § § | |
| TECHROVER, INC. and KEYVAN PARSA, | § § | |
| Defendants | § | |

**AFFIDAVIT OF BRAD W. ODELL IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF LUBBOCK | § |

BEFORE ME, the undersigned authority, on this day personally appeared Brad W. Odell, in his capacity as Chapter 7 Trustee, who is personally known to me, and first being duly sworn according to law, upon his oath deposed and said:

1. "My name is Brad W. Odell, I am the Chapter 7 Trustee for the bankruptcy estate of Westmount Group, Inc., and I am the Plaintiff in the above-styled cause of action. I am at least 18 years of age, of sound mind, and capable of making this Affidavit, which is true and correct and based on my personal knowledge and is made voluntarily and not under duress. I have never been convicted of a felony or a crime involving moral turpitude.

2. "I have personal knowledge of the exhibits referenced hereto and attached to this Affidavit based on my role as the Chapter 7 Trustee of the bankruptcy case of the Westmount Group, Inc. (the "**Debtor**") and my involvement as Plaintiff in the above-styled cause of action.

3. "I retained the law firm of Mullin Hoard & Brown, L.L.P. to represent me in this adversary proceeding.

4. "Plaintiff filed his Original Complaint against Techrover, Inc. and Keyvan Parsa (collectively, the "**Defendants**") on April 19, 2022. A summons was duly issued by the Clerk of the Bankruptcy Court on April 19, 2022.

EXHIBIT H

5. "As evidenced by the Certificates of Service on file with the Court, the Defendants were personally served with the summons and a copy of the Complaint on April 22, 2022.

6. "Defendants' deadline to answer Plaintiff's Original Complaint or to otherwise file a responsive pleading to Plaintiff's Original Complaint was due thirty (30) days from the date the summons was issued. Thus, Defendants were required to file an answer or other responsive pleading on or before May 19, 2022.

7. "Neither Defendant filed an answer or other responsive pleading, on or before May 19, 2022.

8. "On May 26, 2022, Plaintiff filed his Request for Entry of Default.

9. "On June 24, 2022, the Clerk entered default against Defendants Techrover, Inc. and Keyvan Parsa.

10. "The following exhibits attached to Plaintiff's Motion for Default Judgment are true and correct copies of the originals:

    a. Exhibit "A" - Plaintiff's Original Complaint, filed of record on April 19, 2022 at Docket No. 1;

    b. Exhibit "B" – Summons issued on April 19, 2022, at Docket No. 2;

    c. Exhibit "C" – Certificate of Service for Defendant Techrover, Inc, which was personally served on its registered agent on April 22, 2022, at 810 N. Kansas, El Paso, Texas 79902, along with a copy of Plaintiff's Original Complaint, at Docket No. 3;

    d. Exhibit "D" - Certificate of Service for Keyvan Parsa, which was personally served on April 22, 2022, at 810 N. Kansas, El Paso, Texas 79902, along with a copy of Plaintiff's Original Complaint, at Docket No. 4;

    e. Exhibit "E" – Plaintiff's Request for Entry of Default, filed of record on May 26, 2022, at Docket No. 5;

    f. Exhibit "F" – Court's Order To Seek Default, filed on June 24, 2022, at Docket No. 9;

    g. Exhibit "G" – Clerk's Entry of Default, filed on June 24, 2022, at Docket No. 10;

    h. Exhibit "I" – Certificate of Last Known Address for Keyvan Parsa and Techrover, Inc.; and

    i. Exhibit "J" – Statement of Financial Affairs filed by Westmount Group, Inc. filed the Debtor's bankruptcy case and sworn to under penalty of perjury.

11. "As set forth in the Debtor's Statement of Financial Affairs ("**SOFAs**"), Debtor transferred $450,000 to Defendant Techrover, Inc. on June 8, 2021, and Debtor transferred $190,444.65 to Defendant Keyvan Parsa on August 23, 2021. These transfers occurred prior to or after the Debtor filed its voluntary petition under the Bankruptcy Code.

12. "Keyvan Parsa, appearing as the Debtor's corporate representative at the meeting of creditors, testified under oath about the transfers.

13. "As Chapter 7 Trustee, I conducted the creditors' meeting of the Debtor. Defendant, Keyvan Parsa, appeared as the representative of the Debtor and testified at the creditors' meeting. I have also had multiple telephone conversations with Keyvan Parsa during the case. Additionally, Keyvan Parsa has appeared and participated at several hearings before the Court prior to and after the Debtor's case was converted to chapter 7. Based on my interactions with Keyvan Parsa and his participation in the Debtor's bankruptcy case, I have personal knowledge that Keyvan Parsa is not a minor, an incompetent person, or in military service."

Further Affiant Sayeth Naught.

_____
Brad W. Odell, Chapter 7 Trustee

SWORN TO and SUBSCRIBED before me on this the ___1st___ day of July 2022, by Brad W. Odell, as Chapter 7 Trustee.

_____
Notary Public in and for the State of Texas

MITZI EMERT
NOTARY PUBLIC STATE OF TEXAS
MY COMM. EXP. 09/22/23
NOTARY ID 1010438-0